**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LONDON**

**IN RE:**

**CARL RAYMOND BENNETT**                                              **CASE NO. 11-61077**
**MELINDA GAIL BENNETT**

**DEBTORS**

---

### MEMORANDUM OPINION AND ORDER REGARDING FEE APPLICATION

This matter is before the Court on the Application for Compensation filed by Debtors' attorney, Eugene E. Siler III, and counsel's affidavit in support thereof (the "Fee Application") [Doc. 105 & 106]. The Chapter 13 Trustee filed an objection thereto contending, *inter alia*, that counsel's requested fees are excessive and that the Fee Application does not properly account for counsel's services [Doc. 109]. The Court conducted a hearing on the Fee Application and objection on October 17, 2012, during which the parties stipulated that the matter would be submitted on the record. For the reasons stated below, Attorney Siler shall be allowed a fee of $1,500.00 for the services rendered since this case converted to a Chapter 13 proceeding.

Procedural Background.  On August 8, 2011, Debtors filed a voluntary petition commencing a joint case under Chapter 7 of the Bankruptcy Code. Included with the petition and schedules was a Disclosure of Compensation of Attorney wherein Attorney Siler disclosed that he agreed to accept and had received the sum of $1,000.00 for his services rendered and to be rendered in the Chapter 7 case [Doc. 1 at p. 42]. A month later, Debtors filed a motion to convert the case to a case under Chapter 13 [Doc. 16]. In support of the request, Debtors stated that "recalculations" performed shortly after the case was filed showed Debtors would

"qualify for a Chapter 13, if a co-debtor were allowed into the bankruptcy to help make payments."[1]  The motion was granted.

On September 15, 2011, Debtors filed an amended Chapter 13 Plan (the "Plan") [Doc. 29].  Section III.C. of the Plan provides,

> An attorney's fee for Debtor's counsel will be requested by separate application and shall be paid as allowed by the Court.  It is estimated that the amount of the attorney's fee to be paid through the plan is **$1,500.00, plus the cost of filing amendments to the Chapter 7 case as well as the cost to file the motion to convert the plan, and the Confirmation Plan filing which would bring the total fee to $1800.00.**  The attorney's fee for Debtor's counsel shall be paid in full prior to distribution to the class of "All Other Secured Claims" described in paragraph II.F. above and any other class of priority claims.

[Doc. 29, p. 6]  (Emphasis in original).

Also on September 15, 2011, Attorney Siler filed a "Post Conversion of Filing of Fees Required by Rule 2016(b)," wherein counsel disclosed that he was charging $1,500.00 in fees and $200.00 for expenses in connection with the converted Chapter 13 case.  This post-conversion disclosure states that it is filed on behalf of Debtors and an individual identified as a "third party payor on the mobile home that she co-signed on and lives in" and describes the anticipated services to be rendered by counsel [Doc. 35].

On October 26, 2011, Attorney Siler moved to withdraw as counsel for Debtors citing a conflict of interest [Doc. 45].  An order allowing the withdrawal was entered on November 14, 2011 [Doc. 48].  Twenty-five days later on December 9, the conflict was apparently resolved because Attorney Siler again entered an appearance on behalf of Debtors [Doc. 51].

Debtors' Plan was confirmed almost ten months later on August 31, 2012 [Doc. 103]. The subsequently filed Fee Application sought allowance of fees in the amount of $6,295.00 [Doc. 105 & 106].  No request for expense reimbursement was made.

Analysis.  Pursuant to 11 U.S.C. § 329 and Bankruptcy Rule 2016(b), an attorney in a bankruptcy case has "an affirmative duty to disclose fully and completely all fee arrangements

---

[1] The reference to allowing a co-debtor's participation in Debtors' joint case is puzzling and unsupported by any provision of the Bankruptcy Code.

2

and payments." *In re Kisseberth*, 273 F.3d 714, 720 (6th Cir. 2001), *citing In re Plaza Hotel Corp.*, 111 B.R. 882, 883 (Bankr. E.D. Cal. 1990).  The disclosures mandated by § 329 and Rule 2016(b) must accurately reflect the terms of the employment agreement between debtors and counsel and must be a precise and complete disclosure of the complete fee arrangement. 11 U.S.C. § 329(a); *In re Waldo*, 417 B.R. 854, 892 (Bankr. E.D. Tenn. 2009); *In re Berg*, 356 B.R. 378, 381 (Bankr. E.D. Pa. 2006); *In re Anderson*, 253 B.R. 14, 21 (Bankr. E.D. Mich. 2000).  Excuses for non-compliance, including inadvertence, neglect, or ignorance are not acceptable. *In re Berg*, 356 B.R. at 381; 8 Collier on Bankruptcy, ¶ 2016.01[1], at 2016-20 to 2016-21.  A failure to disclose as required by § 329 and Rule 2016(b) amounts to a breach of fiduciary duty warranting the loss of compensation. *In re Fricker*, 131 B.R. 932 (Bankr. E.D. Pa. 1991).  Courts consistently deny fees when an attorney fails to disclose the fee arrangement under § 329 or Rule 2016. *In re Downs*, 103 F.3d 472 (6th Cir. 1996).

A bankruptcy court is vested with the final authority to award compensation and reimbursement of expenses under § 330 of the Bankruptcy Code and has "broad and inherent authority to deny any and all compensation where an attorney fails to satisfy the requirements of the Code and Rules." *In re Kisseberth*, 273 F.3d at 721, *citing In re Downs*, 103 F.3d at 479. Before a court can exercise this authority, counsel must fully disclose the fee arrangements and submit an application containing sufficient detail demonstrating compliance with the standards set forth in 11 U.S.C. § 329 and Rule 2016.

A thorough explanation of what constitutes the required "sufficient detail" is found in the <u>Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. 330</u>. 28 C.F.R. pt. 58, app. A (2012) (the "Guidelines"). The Guidelines instruct,

> The fee application should also contain sufficient information about the case and the applicant so that the Court, the creditors, and the United States Trustee can review it without searching for relevant information in other documents.

28 C.F.R. pt. 58, app. A, ¶ (b). The Guidelines generally require the application to (i) set forth the names/hourly rates of professionals and paraprofessionals who billed time; (ii) report time and service entries in chronological order; (iii) keep time and service entries contemporaneously with the services rendered in time periods of tenths of an hour; and (iv) report services rendered in detail and not combined or "lumped" together, providing a separate time entry for each service. *See generally*, Guidelines ¶¶ (b)(1)(iii), (4)(iv) and (v).

In this Chapter 13 case, Attorney Siler elected to charge a set fee of $1500.00 plus expenses as set forth in his Post-Conversion Rule 2016(b) disclosure and the Plan which he drafted. As the law reviewed above requires, the Fee Application should contain sufficient information consistent with these disclosures and in accordance with the Guidelines to support the allowance of the fee.

Notwithstanding the disclosures, the Fee Application seeks a fee of $6,295.00 which appears to be calculated at an hourly rate for services rendered. Unfortunately, many statements in the Fee Application are at best difficult to understand and at worst patently unintelligible. Moreover, much of the information in the Fee Application is irrelevant and doesn't assist the Court's review of the requested fee. For example, Attorney Siler provides information regarding services (i) in connection with the Chapter 7 case for which he was compensated before the petition was filed; (ii) for a party other than Debtors; or (iii) in connection with legal work unrelated to this bankruptcy proceeding. *See e.g.*, Doc. 105, ¶¶ 5, 6, 9, 10, 27. None of this information complies with the Guidelines. Counsel states that as of the date of the Fee Application he spent "over <u>sixty three hours (63)</u> that he can account for" representing Debtors. The underlying affidavit actually lists time entries totaling 80.1 hours. A number of entries fail to include the hours worked, and instead list the time spent as "Hours," "a lot of unbilled time listed above, that only came to fruition at this point," and "unknown." Doc. 105, ¶¶ 11, 12, 13, 19, 20. Additionally, Counsel's billed rate ranges from $100 to $160 per hour without explanation. C*ompare* Doc. 105, ¶ 8 (rate of $160/hour) *with* ¶ 57 (rate of $100/hour) *with* ¶ 59 (rate of

4

$153.33/hour). The Fee Application establishes that Attorney Siler failed to keep contemporaneous time entries. As noted above, Attorney Siler is billing for the hours "that he can account for." Obviously, keeping contemporary time records would alleviate the need to attempt to "account for" time spent. Finally, the Fee Application contains improper "lumped" entries and entries which appear to address prospective, not rendered services. An example of this is Attorney Siler reporting that he expended three hours as follows:

> Reading the Objection to the Confirmation Plan that was sent back by Forcht Bank, will [send] out a copy to my clients, will try and fix the problems, will also amend the Plan and take out the car that Gail had repossessed that we have determined was already sold at auction, and if we can determine the proper amount of the deficiency will add the difference into Schedule F and amend it. Will also draft a short letter to accompany all this to go out to my clients with the documentation.

[Doc. 105, ¶ 33]. This entry addresses at least four distinct services.

Attorney Siler contracted with his clients and represented to the Court, Trustee and the creditors that he would charge a set fee of $1,500.00 for the converted Chapter 13 case. In reaching this fee arrangement, Attorney Siler was well positioned to anticipate the extent of services required in this case or to amend his fee disclosure if a different fee arrangement was mandated and agreed to by his clients as a result of post-conversion events. Notwithstanding the improper time/service entries set forth in the Fee Application, the record as a whole supports allowing Attorney Siler the fee he disclosed and which presumably reflected his agreement with his clients.

IT IS THEREFORE ORDERED that Attorney Siler's is hereby allowed a legal fee in the amount of $1,500.00 which shall be paid as an administrative expense herein. No expense reimbursement is awarded because none was requested in the Fee Application.

Copies to:
Eugene E. Siler, III, Esq.
Beverly Burden, Esq., Chapter 13 Trustee
U.S. Trustee

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
***The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.***



**Signed By:**
*Gregory R. Schaaf*
**Bankruptcy Judge
Dated: Wednesday, December 05, 2012
(tnw)**